UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ELLEN BOCCIO,

                               Plaintiff,                  **MEMORANDUM AND ORDER**

     v.                                                           18-cv-4317 (ST)

COSTCO WHOLESALE CORPORATION.

                               Defendant.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

Before this court is a motion for summary judgment by Costco Wholesale Corporation ("Defendant") pursuant to Federal Rule of Civil Procedure 56. Ellen Boccio ("Plaintiff") alleges that she was injured while shopping in a Costco store located in Commack, New York. Defendant owns and operates that store. Plaintiff claims that after approaching a display of greeting cards in Defendant's storeroom, the display, which consisted of a series of boxes of greeting cards, toppled over onto Plaintiff. Plaintiff was knocked to the ground and sustained injuries. Plaintiff brought this action alleging negligence by Defendant. Defendant denies any negligence and moves for summary judgment on the entirety of Plaintiff's case. For the reasons discussed below, the motion for summary judgment is GRANTED.

## BACKGROUND

On November 19, 2017, Plaintiff entered the Costco in Commack, New York with her husband and daughter. Def. L.R. 56.1 Statement ¶ 1, ECF No. 54-23. Approximately 20-25 minutes after entering the store, Plaintiff and her family entered the seasonal aisle. *Id* at ¶¶ 8-9. Plaintiff's husband entered the aisle first, followed by their daughter, followed by Plaintiff. *Id* at ¶ 9. Plaintiff noticed a display of Thomas Kinkade Christmas cards situated at the entrance of the

1

aisle. *Id* at ¶¶ 2, 10. The display consisted of carboard boxes of cards arranged in two columns and stacked four rows high on a wooden pallet. *Id* at ¶¶ 3-4. The display was delivered wrapped by Hallmark and was designed to be placed directly onto the sales floor after being unwrapped. *Id* at 6.

Plaintiff noticed that the boxes were stacked "haphazardly" and that the bottom boxes were less full than the boxes towards the top of the display. *Id* at ¶ 13. Plaintiff nonetheless approached the display. *Id* at ¶ 16. As Plaintiff approached, and before Plaintiff touched the display in any way, at least two boxes fell from the top of the display, striking her on the hand and chest and knocking her to the floor. *Id* at ¶¶ 16-20. Plaintiff's husband and daughter were walking in front of Plaintiff at the time of the accident and did not observe the display fall onto Plaintiff. *Id* at ¶ 21. Plaintiff's husband and daughter did observe Plaintiff laying on the ground immediately after the fall occurred. Pl. L.R. 56.1 Counterstatement ¶ 21, ECF No. 55-6.

Plaintiff alleges that after her fall, two of Defendant's employees arrived on the scene and asked Plaintiff if she was injured. *Id* at ¶ 27. Plaintiff did not request medical attention after her fall, and instead returned to her car with her daughter while her husband checked out their purchases. Def. L.R. 56.1 Statement ¶¶ 24, 28, ECF No. 54-23. No accident report was ever created by Defendant. Summ. J. Order at 2, ECF No. 48.

Defendant has submitted numerous affidavits from employees as well as inspection records indicating Defendant's practice of monitoring the sales floor for potential hazards. Def. L.R. 56.1 Statement ¶¶ 31-43, ECF No. 54-23. However, no employee specifically recalled inspecting the display on the day in question. Pl. L.R. 56.1 Counterstatement ¶¶ 32-33, ECF No. 55-6.

Plaintiff brought this action in the Supreme Court of New York, County of New York, which was subsequently removed to this Court on July 13, 2018. Summ. J. Order at 3, ECF No. 48. Defendant has now moved for summary judgment on the entirety of Plaintiff's claims.

## JURISDICTION

Plaintiff is a citizen of the State of New York. Defendant is a corporation incorporated in the State of Washington. Defendant's principal place of business is also in Washington. Plaintiff seeks damages in excess of $75,000. As such, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## LEGAL STANDARD

I.   **Summary Judgment Standard.**

Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is material if the fact "might affect the outcome of the suit under the governing law…" *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute exists as to a material fact when "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

On motions for summary judgment, the moving party bears the initial burden of establishing the absence of a material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party meets that burden, the non-moving party must then show there is a genuine dispute for trial. *Id.* The burdens on both parties as to the underlying elements are aligned as they would be at trial. *Id.* at 254. "Where, as here, the nonmovant bears the burden of proof at trial, 'the movant may show prima facie entitlement to summary judgment' by either (1)

3

'point[ing] to evidence that negates its opponent's claims' or (2) 'identify[ing] those portions of its opponent's evidence that demonstrate the absence of a genuine issue of material fact.'" *Barlow v. Male Geneva Police Officer,* 434 Fed. Appx. 22, 25 (2d Cir. 2011) (quoting in part *Salahuddin v. Goord,* 467 F.3d 263, 272 (2d Cir. 2006)).

When considering a motion for summary judgment, the Court must construe "all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)). However, "summary judgment cannot be defeated by the presentation by the Plaintiff of but a 'scintilla of evidence' supporting [his] claim…[the] preliminary question for the judge [is] not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'" *Fincher v. Depository Trust & Clearing Corp.,* 604 F.3d 712, 726 (2d Cir. 2010) (quoting in part *Liberty Lobby,* 477 U.S. at 251-252).

## II. State Law Claims.

For claims arising under the law of New York brought before this Court via its diversity jurisdiction, this Court applies the substantive law of the State of New York. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). However, federal procedural law governs the procedural elements of this case. *Decker v. Middletown Walmart Supercenter Store*, 2017 U.S. Dist. LEXIS 19350, at *9 (S.D.N.Y. Feb. 10, 2017).

## DISCUSSION

Plaintiff brings this case alleging negligence by Defendant stemming from injuries sustained when a card display in Defendant's store room allegedly toppled over, striking Plaintiff

4

and knocking her to the ground. To survive summary judgment on a negligence claim against a defendant store owner "a plaintiff must prove: (1) that the defendant owed a duty to him or her; (2) that the defendant breached this duty; and (3) that this breach was the proximate cause of the plaintiff's injury." *Ascher v. Target Corp.*, 522 F. Supp. 2d 452, 456 (E.D.N.Y 2007). "It is well settled that landowners owe patrons the duty of reasonable care under the circumstances to maintain their property in a safe condition." *Abdelrnessih v. Costco Wholesale*, 28 Misc. 3d 1205(A), at *2 (Sup Ct. Richmond 2010) (internal quotations omitted). In order to show a breach of this duty of reasonable care, a plaintiff "must establish the existence of a defective condition and that the defendant either created or had actual or constructive notice of the defect." *Ingram v. Costco Wholesale Corp.*, 117 A.D.3d 685 (N.Y. App. Div. 2014). For the reasons set forth below, as Plaintiff has failed to show that Defendant either created or had actual or constructive notice of the alleged dangerous condition, Defendant's motion for summary judgment is GRANTED in its entirety.

> **I.        Existence of a Dangerous or Defective Condition.**

Defendant argues that Plaintiff has abandoned its argument on the existence element of her negligence claim, entitling Defendant to summary judgment. Def. Reply Br. at 3-4, ECF No. 56-24. Defendant is correct that Plaintiff fails to make an explicit argument that a dangerous or defective condition existed in Defendant's store. However, cases in New York courts and in federal courts applying New York law appear split on whether existence must be proven as a threshold element or whether existence is implicit within a claim of creation or constructive notice. *Compare Decker*, 2017 U.S. Dist. LEXIS 19350 at *9 ("To make out a premises liability case, specifically, a plaintiff must first show "the existence of a dangerous or defective condition. Next, [t]o succeed on a premises liability claim alleging any injury caused by a defective

5

condition, the plaintiff must demonstrate 'that the [defendant] either created the defective condition, or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it." (internal quotations and citations omitted)), *with Ascher*, 522 F.Supp. 2d at 457. ("To establish a prima facie claim of negligence against a property owner stemming from a defective condition on the property, a plaintiff must show that the owner either created the condition or that he had actual or constructive notice of it." (internal quotations omitted)). As this case may be decided on other grounds, the Court presumes, without deciding, that a dangerous condition existed and proceeds to the issues of creation and constructive notice.

## II. Creation of a Dangerous or Defective Condition.
### a. Plaintiff's Expert Report.

To succeed on a negligence claim against a defendant store owner, a plaintiff may show that the defendant in some way created the alleged dangerous condition. *Crawford v. Pick Quick Foods, Inc.*, 300 A.D.2d 431, 432 (N.Y. App. Div. 2002). Simply demonstrating the existence of a hazardous condition is insufficient, creation claims require a showing that the defendant store or its agents affirmatively acted in some way to create the alleged hazard. *See, e.g. Taub v. JMDH Real Estate*, 150 A.D.3d 1301 (N.Y. App. Div. 2017) (finding triable issue of fact on creation where defendant's employees "remov[ed] pallets heavily loaded with merchandise from high shelves during business hours without warning . . . ."). Because stores are generally open to consumers who will inevitably interact with and move merchandise, this requirement is essential to a creation claim in order to demonstrate that it was by the defendant store's action, not a third-party customer, that the dangerous condition was created. *See Rosado v. Home Depot*, 4 A.D.3d 204, 205 (N.Y. App. Div. 2004) ("[T]here is no direct evidence that defendant's employees

6

themselves created the alleged hazard . . . since the stack of planks from which the offending plank fell was generally accessible to shoppers in defendant's large self-service store . . . .").

Plaintiff primarily relies on its expert report in arguing that Defendant created the dangerous condition that led to Plaintiff's injury. This report, which this Court previously deemed admissible except insofar as Plaintiff's expert made impermissible findings on ultimate legal issues in the case, asserts that the Defendant created the dangerous condition through both its construction and maintenance of the display. Summ J. Order at 21-22, ECF No. 48; Pl. Opp. Br. Ex. 1, 1 ECF No. 55-1. While Plaintiff's expert report may have raised a genuine issue on the issue of existence had Plaintiff proffered it for that purpose, there is insufficient facts in the record for Plaintiff's expert to conclude that Defendant either constructed or maintained the card display.

On Plaintiff's first argument, even presuming that Plaintiff's expert is correct that the display was constructed in a defective manner, Defendant is not liable for product design deficiencies where, as is the case here, there is no evidence to suggest Defendant did anything more than plug in a ready-made display to the sales floor. The end user of a display cannot be held liable for design defects of a display the user did not design. *See Hartnett v. Chanel, Inc.*, 97 A.D.3d 416, 419 (N.Y. App. Div. 2012) (affirming lower court grant of summary judgment where defendant store did not design allegedly defective display case). The record is clear that Defendant received the display case from Hallmark ready-made, and simply needed to place the display to the sales floor. Def. Br. at 10-11, ECF No. 54-24. Plaintiff offers no evidence to refute this. As Plaintiff's expert report is based on his review of the facts in the record, there is therefore no reasonable basis to conclude that Defendant constructed the display. *See Ascher*, 522 F. Supp. 2d at 459 (finding insufficient basis to support expert's testimony that defendant

created a hazardous condition by leaving merchandise on a lectern where the was no evidence in the record to indicate defendant stored had stored merchandise in such a manner).

Second, there is no evidence in the record to suggest that Defendant maintained the card display in such a way that Defendant created a dangerous condition. Plaintiff's expert report determines that Defendant created a hazardous condition by maintaining the card display negligently but makes no citation to the record to support this conclusion. With no basis in fact to support this conclusion, the expert's conclusion amounts to mere speculation. *See id*. Moreover, Plaintiff's conclusory statements do not provide evidence of the kind of affirmative act needed to show that it was Defendant's acts in maintaining the display that made the display top-heavy as opposed to other customers removing merchandise from the bottom of the display. *See Rosado*, 4 A.D.3d at 205. Absent such evidence, Plaintiff's maintenance argument also fails.

### b. Plaintiff's Reliance on *Taub* is Misplaced.

Plaintiff also compares this case to the decision in *Taub v. JMDH Real Estate*, 150 A.D.3d 1301 (N.Y. App. Div. 2017). There, the Court found a triable issue of fact where the record contained evidence that the defendant store "remov[ed] pallets heavily loaded with merchandise from high shelves during business hours without warning . . . ." *Id* at 1302. This is precisely the kind of affirmative act needed to satisfy the creation element of a negligence claim. In contrast, there is no evidence in the record to suggest that the card display was top heavy due to the Defendant's actions. In *Rosado v. Home Depot*, 4 A.D.3d 204 (N.Y. App. Div. 2004), the First Department affirmed the dismissal of a case in which the plaintiff was struck by a wooden plank that was "precariously stacked" because there was no evidence to suggest it was the defendant store's act and not another customer's that gave rise to the dangerous condition. 4 A.D.3d at 205. It is *Rosado,* not *Taub*, that is analogous to this case. Plaintiff's contention that

8

*Taub* is "especially compelling" because both cased involved "top heavy pallet[s]" which caused injuries is unavailing. Pl. Opp. Br. at 6, ECF No. 55-6. It is insufficient to show merely that the card display in this case was top-heavy. The relevant act leading to a triable issue of fact in *Taub* was the defendant's affirmative act in moving the top-heavy pallets thereby creating the dangerous condition. *Taub*, 150 A.D.3d at 1302. Without any evidence to indicate Defendant in this case acted in a way to create the haphazard display, Plaintiff cannot rely on *Taub* to survive summary judgment.

### c. Plaintiff's Failure to Warn Claim.

In arguing that Defendant created a dangerous or defective condition in its store, Plaintiff makes a passing claim in a single sentence that Defendant's failure to warn customers of the danger posed by the card display posed its own dangerous condition. Pl. Opp. Br. at 10, ECF No. 55-6. Property owners may be liable for a failure to warn of certain hidden conditions present on their property, but this liability does not attach where, "through general knowledge, observation or common sense," an individual alleging a failure to warn of a dangerous condition was already aware of the particular danger at hand. *Liriano v. Hobart Corp.*, 92 N.Y.2d 232, 232 (N.Y. 1998); *see also Warlikowski v. Burger King Corp.*, 9 A.D.3d 360, 362 (N.Y. App. Div. 2004). By Plaintiff's own admission, she was aware the cardboard boxes of the display were stacked "haphazardly" before she approached the card display but did so anyway. Def. L.R. 56.1 Statement ¶ 13, ECF No. 54-23. Furthermore, Plaintiff argues in her briefing that the alleged dangerous condition was not a "latent or hidden defect that co[u]ld not have been discovered by ordinary means." Pl. Opp. Br. at 8, ECF No. 55-6. Thus even assuming, *arguendo*, that a dangerous condition existed, Plaintiff has admitted that she was aware of such danger, relieving Defendant of any duty to warn. Plaintiff's claim is therefore without merit.

9

### III. Actual or Constructive Notice of Defective or Dangerous Condition.

Where there is no evidence that a defendant store created or had actual notice of a dangerous or defective condition within its premises, a plaintiff may nonetheless proceed on a theory of constructive notice. *Ruggerio v. Waldbaums Supermarkets*, 242 A.D.2d 268, 269 (N.Y. App. Div. 1997). To succeed on a theory of constructive notice, a plaintiff must show that a defect was "visible and apparent and [that it] exist[ed] for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Id.* Plaintiff argues that constructive notice need not be shown where a defendant property owner has failed to conduct inspections of its premises. Pl. Opp. Br. at 7, ECF No. 55-6. The Court finds that Plaintiff's contention is incorrect as a matter of law and, even presuming constructive notice need not be shown, Plaintiff's failure to inspect claim fails on its merits.

### a. Failure to Inspect Claims Require a Showing that a Defect Existed for a Sufficient Period of Time.

Plaintiff is correct in so much as a claim of failure to inspect is one means by which a plaintiff may show constructive notice. *See Taylor v. Manheim Mktg.*, 2018 U.S. Dist. LEXIS 14006, at *5 (E.D.N.Y. Jan. 29, 2018). However, Plaintiff is incorrect that the failure to inspect, on its own, satisfies or replaces the constructive notice requirement. The current state of the law in New York is clear that a failure to inspect theory still requires that a plaintiff show that the alleged defect existed for a sufficient period of time that a reasonable inspection could have revealed the defect to the property owner. *See id* at 6; *Lacey v. Target Corp.*, 2015 U.S. Dist. LEXIS 62643, at *16 (E.D.N.Y. May 13, 2015). Plaintiff has presented no evidence of how long the card display was allegedly in a dangerous condition and does not present any alternative arguments to show constructive notice. Thus, Plaintiff has failed to show such notice, and raises no argument to suggest Defendant had actual notice of the dangerous condition.

### b. Plaintiff's Failure to Inspect Claim is Meritless.

Even assuming that Plaintiff is correct—and this Court finds she is not—that constructive notice is not necessary where a property owner has failed to inspect its property, Defendant has presented evidence, which Plaintiff has been unable to meaningfully refute, demonstrating that it inspected its premises regularly. To support its inspection practices, Defendant has submitted multiple affidavits from Costco employees detailing their daily inspection tasks to ensure that the store floor is free from hazards. *See* Def. Mot. Summ. J. Exhibits O, R-T, ECF No. 17, 19-22. Defendant also submits a log of inspections completed on the day of Plaintiff's alleged injury. Def. Mot. Summ. J. Exhibit K, ECF No. 54-12.

In response to Defendant's submitted evidence, Plaintiff claims that these records of inspection are insufficient as none of the employees claim to have specific knowledge of the day of the injury, and instead only testify to their general inspection tasks.[1] Pl. Opp. Br. at 7, ECF No. 55-6. Defendants are instead, according to Plaintiff, required to "submit detailed and specific first hand recollections of what its employees did on the actual day of the accident." *Id* (citing *Birnbaum v. NY Racing Assoc.*, 57 A.D.3d 598, 598-99 (N.Y. App. Div. 2008)).

Plaintiff's argument is mistakenly grounded in New York State's summary judgment standard, not the federal burden of proof. As Plaintiff admits in her briefing, federal procedural law governs in state law cases brought in federal court. *Decker*, 2017 U.S. Dist. LEXIS 19350 at *9; Pl. Opp. Br. at 3 n. 1, ECF No. 55-6. A burden of proof is an aspect of procedural law and is therefore governed by the federal standard in this case. *See Decker*, 2017 U.S. Dist. LEXIS

---

[1] Plaintiff's actual language in her briefing is that the evidence is "inadmissible." Pl. Opp. Br. at 7, ECF No. 55-6. While this argument is based on *Birnbaum v. NY Racing Assoc.*, 57 A.D.3d 598, 598-99 (N.Y. App. Div.2008), the Court in *Birnbaum* made no ruling as to the admissibility of evidence of general cleaning and inspection practices, but only determined that such evidence is insufficient to support summary judgment under the New York burden of proof. *See id*. Plaintiff makes no argument that the affidavits are otherwise inadmissible under the Federal Rules of Evidence. As such, the Court declines to frame this issue as one of admissibility and instead reads Plaintiff's argument as one attacking the sufficiency of Defendant's evidence in meeting the requisite burden of proof.

11

19350 at *9. Under New York law, "a defendant who moves for summary judgment . . . has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence for a length of time sufficient to discover and remedy it." *Id* (internal quotations and alterations omitted). However, as the Plaintiff bears the burden of proof on demonstrating a material issue of fact under federal law, Defendants are under no obligation "to produce evidence of the last time the area was inspected . . . but need only point to Plaintiff's lack of evidence and inability to raise a genuine issue of material fact on the elements of her claim." *Id* at *26. In fact, Plaintiff, if intending to "proceed on a failure to inspect theory" is required "to set forth evidence of Defendant's alleged failure." *Wilson v. Wal-Mart Stores East, LP*, 2018 U.S. Dist. LEXIS 159441, at *23-24 (S.D.N.Y. Sept. 18, 2018). To succeed on summary judgment, Defendant need only point to the fact that Plaintiff has wholly failed to produce any such evidence in this case but has instead gone a step further and presented its own evidence affirmatively demonstrating that it does indeed perform regular inspections of the sales floor.

Plaintiff's argument that the employees lacked a specific recollection of their inspections that day is also insufficient to create a genuine issue of material fact. *See Strass v. Costco Wholesale Corp.*, 2016 U.S. Dist. LEXIS 79340, at *19-20 (E.D.N.Y. Jun. 17, 2016). Furthermore, Defendant's log sheet demonstrates that the sales floor was indeed inspected regularly on the day of Plaintiff's injury. *See* Def. Mot. Summ. J. Exhibit K, ECF No. 54-12. Plaintiff argues that this log was somehow unreliable and therefore not probative of the issue of inspection. Pl. Opp. Br. at 7, ECF No. 55-6. Yet, Plaintiff presents no evidence to question the veracity of the log or to suggest that the inspections performed on the day in question were subpar, and instead simply asserts that Defendant's "testimony leaves open the possibility that its

employees did not conduct standardized inspection. . . ." *Id.* Absent such evidence, no reasonable conclusion other than that the sales floor was inspected on the day in question can be drawn from the record. Plaintiff's failure to inspect claim accordingly fails.

## CONCLUSION

For the reasons detailed above, Defendant's motion for summary judgment is GRANTED in its entirety.

**SO ORDERED.**

/s/ Steven Tiscione
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
      March 13, 2023